**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LORI CHAVEZ-DEREMER,
Secretary of Labor, United States
Department of Labor,

     Plaintiff,

v.                                                              Case No. 8:26-cv-336-TPB-LSG

DRT@BURKY'S, LLC, FLYING GROUPER
PIZZA, LLC, BTDTSDC 8191, LLC,
BUCKEYE PIZZA 8282, LLC, TBDB GR8
PIZZA, LLC, B&T PIZZA HOUSE, LLC,
MP BIG BEN PIZZA, LLC, BFDWC
PIZZA, LLC, AMERICAN PIZZA EMPIRE,
LLC, and STINGRAY 1812 PIZZA, LLC,

     Defendants.

_____/

## CONSENT DECREE

This matter is before the Court on the parties' joint motion for entry of

consent decree.  Plaintiff, the Secretary of Labor, by and through the Wage and

Hour Division, alleges that Defendants, who are franchisees of Marco's Pizza,

operate multiple establishments in and around Tampa, Florida.  After conducting

investigations, Plaintiff notified Defendants that they were employing minors in

violation of the child labor provisions of the Fair Labor Standards Act of 1983

("FLSA"), 29 U.S.C. § 201, *et seq.*

The parties thereafter negotiated this Consent Decree.  As more fully

described below, this Order is intended to resolve multiple actions for civil money

penalties and to ensure continued compliance with the child labor provisions of the FLSA.  The parties have filed a joint motion, requesting that the Court issue and approve this Order.  The Court finds that the entry of the Order is appropriate and that the parties' joint motion should be granted.

Accordingly it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The Court has jurisdiction over the parties and over this action under Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Defendants, their agents, servants, employees, and all persons in active concert or participation with them are hereby **ENJOINED** from violating the FLSA in any of the following manners.

3. Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Child Labor Reg. 3, 29 C.F.R. §§ 570.31-.38, engage in oppressive child labor as defined by Section 203(l) of the Act, including employing any individual under the age of sixteen in violation of the hours standards, found at 29 C.F.R. § 570.35(a).

4. Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulations found at 29 C.F.R. § 570.50-.68, employ any individual under the age of eighteen in any occupation deemed particularly hazardous for the employment of minors by the U.S. Department of Labor.

5. Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4)

of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulation found at 29 C.F.R. § 570.119, employ any individual under the age of fourteen under any circumstance.

### Recordkeeping and Providing Records to the WHD

6.　　Defendants, their agents, officers, managerial employees, and all employees involved in hiring, shall make, keep, and preserve records showing the wages, hours, and other conditions of work for each of their employees in accordance with 29 U.S.C. § 211(c), including accurate records of the date of birth submitted for all employees under the age of nineteen in accordance with 29 C.F.R. § 516.2(a)(3). Defendants shall make such records available to representatives of the Plaintiff within 72 hours following notice from the Wage and Hour Division, unless otherwise specified and/or agreed by the Defendants and the Wage and Hour Division.

### Identification of Hazardous Equipment

7.　　Within thirty days of entry of this Consent Decree, Defendants shall audit the machinery at all their restaurants in order to determine which machinery constitutes hazardous equipment pursuant to Hazardous Occupation Orders found at 29 C.F.R. § 570.50-.68, and, if not already present, shall cause to be affixed special stickers, as found in the Wage and Hour Division's Tools for Employers in the Youth Employment Compliance Assistance Toolkit (available at https://www.dol.gov/agencies/whd/youthrules/young-worker-toolkit), to alert all workers that no one under eighteen years of age may operate said equipment.

### Identification of Workers Employed in Violation of
### the FLSA's Child Labor Provisions

8.      Within 60 days of entry of this Consent Decree, Defendants shall review records for the months of April, May, and June 2025 and identify any employees performing work in Defendants' restaurants in violation of the child labor provisions of the FLSA, including but not limited to the hours standards found at 29 C.F.R. § 570.35(a), and implement appropriate measures to prevent any future violations.

### Compliance Specialist

9.      Within 90 days of entry of this Consent Decree, Defendants shall hire a third-party consultant or compliance specialist (hereinafter the "compliance specialist") with knowledge and experience in the requirements of the FLSA's child labor provisions or, more broadly, experience and expertise in assisting workers in the restaurant industry understand their rights under the FLSA.  The compliance specialist shall be in a position to provide materials and information in the written and spoken language predominantly used by employees or shall use an appropriate interpreter or translator, if necessary, when interacting with employees.

10.      The compliance specialist shall provide one session of child labor compliance training to all management personnel at Defendants' restaurants for the one-year period following entry of this Consent Decree.  Defendants shall also train new managers as part of their onboarding process during this period as well. Defendants shall be responsible for ensuring that their policies and training

materials reflect up-to-date requirements for the employment of minors. Defendants shall maintain training logs reflecting the nature of the training, the participants, and the date(s) of the training.

11.     Prior to any training, the compliance specialist shall work with Defendants to review and suggest revisions concerning Defendants' policies and procedures to assist Defendants in complying with the FLSA's child labor provisions, and Defendants shall confer with the compliance specialist regarding all recommended changes to Defendants' policies and procedures.

12.     The compliance specialist also shall monitor and audit Defendants' compliance with the child labor provisions of the FLSA at all Defendants' restaurants for a period of one year and shall report any concerns regarding non-compliance with these provisions to Defendants' designated officials.  Monitoring shall include at least one unannounced site visit, review of records, interviews of managers and non-supervisory employees, evaluation of training procedures, and additional steps to achieve compliance, as determined by the compliance specialist. Forms I-9 cannot be used to show compliance with Section 12 of the FLSA nor can they be used to come into compliance with Section 12 of the FLSA.  The monitoring and auditing process required by this paragraph shall ensure that Defendants have used good faith efforts to determine whether they are employing unlawful child labor under the FLSA.  For example, this means that the Defendants must do more than simply accept a child's proof of age at face value or a manager's assertion that children are not working outside of permitted hours at a particular restaurant.

Defendants, in consultation with the compliance specialist, may consider, for example, how to gather valuable information from front-line supervisors or others who interact directly with workers and would be in a position to suspect when a worker may not be employed in compliance with the FLSA's child labor requirements.

13.    Within forty-five days of retention, the compliance specialist shall review the Wage and Hour Division's Youth Employment Compliance Assistance Toolkit (available at https://www.dol.gov/agencies/whd/youthrules/young-worker-toolkit), as well as other resources that the compliance specialist deems appropriate, to determine which materials should be used in the training of Defendants' managers.  The compliance specialist shall commence the mandatory training of management personnel at each of Defendants' restaurants within 90 days of retention.  In conjunction with Defendants, the compliance specialist shall maintain training logs reflecting the nature of the training, participants, and the date(s) of training.  These records shall be made available to representatives of the Wage and Hour Division upon request.

### Tip Line and Notice of Violations

14.    Within thirty days of entry of this Consent Decree, Defendants shall establish a toll-free number that any person may use to seek guidance or to report possible compliance issues with the child labor provisions of the FLSA on an anonymous basis.  All such requests for guidance or reports shall be furnished directly to the compliance specialist within seven calendar days.  Defendants may

use an existing toll-free telephone line to comply with this provision of the Consent Decree, on the condition that it is monitored by an independent third-party (not a law firm or attorney retained by the Defendants), and provided that any reports of suspected child labor will be routed from the independent third-party directly and solely to the compliance specialist.  The Defendants shall monitor and maintain the tip line for a minimum of one year following the entry of the Consent Decree.

15.    Notice informing employees and other workers at restaurants operated by Defendants of the toll-free number shall be posted in conspicuous places, such as rooms and bulletin boards provided for employee notices, so as to be readily accessible to employees.  The notices shall be posted in English and Spanish, as well as any language predominantly spoken and understood by employees at that particular facility, within fifteen days after confirmation that the toll-free number is set up to receive anonymous reports regarding alleged child labor issues under the FLSA.

16.    The compliance specialist shall promptly investigate and document each complaint, concern and/or report that is received and shall make recommendations to Defendants regarding timely corrective actions, to the extent any are warranted.  Defendants shall document and maintain records regarding any corrective action.  Such documentation shall be made reasonably available for review and copying upon request by the Wage and Hour Division.

### Defendants' Opportunity to Cure Violations

17.    The following provisions shall apply to Defendants' opportunity to cure

child labor violations that are discovered after the entry of this Consent Decree:

(a)     Notification by Compliance Specialist: Beginning with the compliance specialist's retention and continuing for the two-year period, upon notification of any child labor violation by the compliance specialist to Defendants, Defendants shall have 72 hours, or any such longer period agreed upon by Defendants and the Wage and Hour Division, to cure the reported child labor violation.  In the event that Defendants cure such violations within 72 hours, or any such longer period agreed upon by the Defendants and the Wage and Hour Division, such alleged violations shall not serve as the basis for a contempt action of this Consent Decree or any action under § 12 of the FLSA.

(b)     For purposes of this Consent Decree, to "cure" means to ensure that any minors identified are not employed in violation of § 12 of the FLSA after notification by the compliance specialist.

18.     Should the compliance specialist identify any child labor violations, Defendants shall notify the Wage and Hour Division of the violation within ten business days.  Within this same period, Defendants shall also report to the Wage and Hour Division the steps they have taken to cure such violation, if any.

## Compliance Reports

19.     Within 180 days of being retained, the compliance specialist shall submit an initial report to the Wage and Hour Division outlining the steps taken to comply with the requirements of this Consent Decree, including the time spent on said work.

20.     The initial report shall also summarize the compliance specialist's findings and include a summarizing restatement of any violations found during this 180-day period, copies of any training logs created by Defendants in conjunction with the compliance specialist, along with a summary of training materials presented and substance of the training, and summaries of information received through the toll-free tip line.

21.     After the initial report referenced in paragraph 19, the compliance specialist shall submit a second and final report to the Wage and Hour Division, due after the first anniversary of the execution of this Consent Decree, relating to the one year that the compliance specialist is retained.  This final report shall contain a summary of actions taken by the compliance specialist in carrying out the requirements of paragraphs 9 through 13 of this Consent Decree, a summarizing restatement of any violations found during the preceding year, copies of any training logs created by Defendants in conjunction with the compliance specialist, and summaries of information regarding alleged unlawful child labor received through the tip line referenced in paragraph 14 (excluding materials and information submitted in the initial report described in paragraph 19).  Nothing in paragraphs 19-21 shall relieve Defendants of their ongoing obligation to comply with Section 12 of the FLSA, and paragraphs 3-5 of this Consent Decree.

**Mandatory Disciplinary Sanctions for Management Personnel**

22.     Defendants shall impose disciplinary sanctions, including termination and/or suspension, upon any manager responsible for child labor violations or for

retaliation against any employee reporting suspected child labor violations occurring after the date of the execution of this Consent Decree.  This includes any manager who is or becomes aware of child labor violations and fails to report such violations.  Consistent with paragraphs 25 through 26 below, Defendants shall not take any retaliatory action against an employee, including another manager, who reports such violation, as retaliation would violation Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

### Visible Markers to Identify Employees Under the Age of Sixteen

23.     Within thirty days of entry of this Consent Decree, Defendants shall require all employees under the age of sixteen to wear a color-coded nametag or other visible marker to alert other employees in the restaurants, including supervisors, that the employee is under the age of sixteen and may not work in violation of the hours standards, found at 29 C.F.R. § 570.35.

### Unannounced Entry and Inspection by the WHD

24.     Plaintiff specifically reserves the right to investigate Defendants' future compliance with the terms of this Consent Decree and any subsequent claims of Defendants' employing oppressive child labor.  Defendants agree to permit unannounced entry in any of its restaurants for the purposes of investigation by the Wage and Hour Division, in accordance with Plaintiff's power of investigation under § 11(a) of the FLSA, 29 U.S.C. § 211(a), without requiring a warrant.  Defendants further agree to produce all documents requested by the Wage and Hour Division within 72 hours without requiring a subpoena.  The provisions of this paragraph

shall remain in effect for a period of one year from the date of the entry of this Consent Decree.

## Retaliation

25.     Defendants shall not take any retaliatory action against any of its employees, including family members or guardians of minor children employed by Defendants, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), because an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee. These circumstances will be understood, for example, to apply when an employee has spoken with or otherwise consulted with a compliance specialist about an alleged violation, when an employee has spoken with or otherwise cooperated with the Wage and Hour Division or other agency of the U.S. Department of Labor about an alleged violation, or when an employee has cooperated in a Department investigation.

26.     Prohibited retaliatory action includes, but is not limited to, reporting or threatening to report, directly or indirectly, any such individual to law enforcement agencies based on the person's actual or perceived immigration status or initiating an internal I-9 audit or other reverification process for the purpose of retaliating against any worker or chilling that worker's rights under the FLSA or other federal statute. It shall not be considered a retaliatory action to terminate any individual whose age cannot be verified or confirmed, in whole or in part, upon of a

review of any provided documentation.

## Notice of Rights

27.     Defendants shall post this Consent Decree at each of its restaurants where employee notices are customarily posted, and it shall remain posted for a period of not less than 60 days.  Defendants shall provide the Wage and Hour Fact Sheet # 43 regarding the child labor provisions of the FLSA, Fact Sheet # 77A regarding the prohibition of retaliation under the FLSA, and the "Employer Pocket Guide on Youth Employment" to each of its employees in the language used by the employee, to the extent such translation is available on the Department of Labor's website, and shall otherwise maintain all existing postings required by the U.S. Department of Labor.  These materials shall be provided to employees within 60 days of the Court's entry of the Consent Decree.

## Civil Money Penalties

28.     Defendants agree to pay the total sum of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00) in civil money penalties ("CMPs") for the child labor violations identified by the Wage and Hour Division in Case Nos. 1979272, 1982609, 1983598, 1983755, 1983792, 1985902, 1986753, 1987063, 1987070 and 1987164.  The amount to be paid by Defendants for CMPs is subject to approval by the bankruptcy court in the case styled *In re MP Octopus Pizza, LLC*, which was filed in the U.S. Bankruptcy Court for the Middle District of Florida and assigned Case No.: 8:24-bk-06739-CPM.  The Defendants will file a motion to compromise controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 in the

bankruptcy court to seek approval of the Proposed Consent Decree as soon as reasonably practicable.  The CMPs will be treated as a priority unsecured claim under the Joint Plan of Reorganization and paid over a period of five years or 60 months with payments commencing thirty days from the Effective Date of the Plan.  When such payments are deemed due under the Joint Plan of Reorganization, the payments will be made online by ACH 11 transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/75522411 or by going to www.pay.gov and searching "WHD CMP Payment - SE Region."

### Costs

29.     Each party shall bear such other of its own costs and attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

30.     By entering into this Consent Decree, the parties acknowledge that the provisions contained herein are not intended to and do not bind Plaintiff and/or Defendants relating to any third-party (*i.e.*, any individual and/or entity that is not a party to this Consent Decree).  The parties specifically do not waive any claims, defenses, rights and/or legal positions available under applicable law, including any argument as to what evidence may be presented during any such proceedings, unless such are expressly waived in this Consent Decree.  This applies both to any subsequent or future proceeding relating to this Consent Decree and to the parties' obligations thereunder, as well as to any future investigation and/or claims that

Plaintiff may bring, including but not limited to additional claims of oppressive child labor, compliance or enforcement actions regarding the terms of this Consent Decree, contempt proceedings, and/or demands for civil money penalties, as to all of which the parties fully reserve their rights to contest and/or litigate.

     **DONE** and **ORDERED** in Chambers at Tampa, Florida, this <u>3rd</u> day of March, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

Page 14 of 14